United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Eike Batista, and others, Appellants, <br><br> v. <br><br> Bernardo Bicalho Alvarenga Mendes, and others, Appellees. | Appeal from the United States Bankruptcy Court for the Southern District of Florida <br><br> District Case No. 17-24308-Civ-Scola (BKC Docket No. 17-16113-RAM) |

### **Order Dismissing Appeal for Lack of Jurisdiction**

This matter is before the Court on the Appellants MMX Mineração e Metalicos S.A. ("MMX"), Centennial Asset Mining Fund, LLC, and Eike Batista's (collectively, "Appellants") appeal of the Bankruptcy Court's Order Denying Objection to Recognition and Motion to Dismiss Chapter 15 Case. (*See* Notice of Appeal, ECF No. 1). After reviewing the parties' briefs, the record on appeal, the relevant legal authorities, and for the reasons explained below, the Court **dismisses** this appeal for lack of jurisdiction.

The foreign debtor, MMX Sudeste Mineração S.A. (the "Debtor"), through its duly appointed judicial administrator, Bernardo Bicalho Alvarenga Mendes ("Trustee"), commenced a proceeding for recognition of a foreign proceeding under Chapter 15 of the Bankruptcy Code, 11 U.S.C. §§ 1501-1532, which the bankruptcy court granted. (*See* BKC ECF No. 9.) The Appellant MMX, the parent company of the Debtor, filed an objection to the order of recognition and a motion to dismiss, arguing that a debtor under Chapter 15 must meet the requirements under 11 U.S.C. § 109(a), relying upon the court's decision in *In re Barnet*, 737 F.3d 238 (2d Cir. 2013). The bankruptcy court denied the motion to dismiss, stating in its order that it "declines to apply the holding of *In re Barnet*, that an entity that is the subject of a foreign proceeding must have property in the United States to have the foreign proceeding recognized under Chapter 15." (*See* Order, BKC ECF No. 33 at 2.) Thereafter, the Appellants filed a notice of appeal of the bankruptcy court's Order. (*See* BKC ECF No. 44.)

Pursuant to 28 U.S.C. § 158(a), the district courts have jurisdiction to hear appeals from final judgments and orders, and interlocutory orders of the bankruptcy judges, with prior leave of court. 28 U.S.C. § 158(a)(1),(3). The Appellants did not seek leave to appeal; rather they assert that the Court has jurisdiction pursuant to § 158(a)(1). Although the parties do not appear to dispute that this Court has jurisdiction, the Court is obligated to consider jurisdiction "even if it means raising the issue *sua sponte*." *In re Donovan*, 532

F.3d 1134, 1136 (11th Cir. 2008) (citing *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1359 (11th Cir. 2007)).

The Appellants contend that the bankruptcy Order is a final appealable order under the flexible interpretation of finality in the context of bankruptcy appeals.[1] However, upon review, the Court disagrees.

While the Appellants are correct that finality is a more flexible concept in bankruptcy, the increased flexibility "does not render appealable an order which does not finally dispose of a claim or adversary proceeding." *In re Donovan*, 532 F.3d at 1136. Indeed, to be final, "a bankruptcy court order must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *Id.* at 1136-37 (quoting *In re Atlas*, 210 F.3d 1305, 1308 (11th Cir. 2000)) (internal quotations omitted). Generally, an order denying a motion to dismiss is not a final appealable order. The Appellants nonetheless contend that the Order completely resolves the dispute between the parties on a fundamental and discrete issue of law. (*See* ECF No. 9 at 9 n.3.) However, the same could be argued with respect to virtually any order denying a motion to dismiss, as many involve discrete issues of law the determination of which affects the continuation of a case. Furthermore, the Court declines Appellants' urging the Court to apply the same concepts applied in *In re Dolan*, 550 B.R. 582, 588 (S.D. Fla. 2016) (Middlebrooks, J.), as the orders appealed in *In re Dolan* completely resolved the dispute between the parties and left the bankruptcy court with nothing further to do. Such is not the case here, where the bankruptcy proceedings continue. As a result, the Court does not view the Order as a final appealable order under 28 U.S.C. § 158(a)(1).

Accordingly, the Court **dismisses** this appeal for lack of jurisdiction. The oral argument scheduled for April 24, 2018 is canceled, and the Clerk of Court is directed to **close** this case.

**Done and ordered** at Miami, Florida, on April 2, 2018.

Robert N. Scola, Jr.
United States District Judge

---

[1] The Appellees do not address the issue of jurisdiction in their response brief, thus the Court assumes their agreement with the Appellants' jurisdictional statement.